Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiffs*
*Moonbug Entertainment Limited and*
*Treasure Studio Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC., <br><br> *Plaintiffs* <br><br> v. <br><br> CHAOZHOU CHAOAN YIXI PAPER& PLASTIC PRODUCTS CO., LTD., CHONG QING FULL SUMMER INTERNATIONAL TRADE CO., LTD., DONGGUAN GOLDEN BEAR TOYS CO., LTD., DONGGUAN NUOSHENG ELECTRONIC TECHNOLOGY CO., LTD., EWEISER ELECTRONIC TECHNOLOGY (SHENZHEN) CO., LTD., FOSHAN HENGYUE OUTDOOR PRODUCTS CO., LTD., FUZHOU MEKHOME TECH. CO., LTD., FUZHOU XUANCE TRADE CO., LTD., GUANGZHOU HAPPY ISLAND TOYS CO., LTD., GUANGZHOU ORIENT INFLATABLES COMPANY LTD., GUANGZHOU PERFECT INFLATABLE PRODUCTS CO., LTD., GUANGZHOU RUNNING FUN TOYS CO., LIMITED, HANGZHOU DONGWANG TECHNOLOGY CO., LTD., HEFEI DRIFTING RABBIT E-COMMERCE CO., LTD., HUIZHOU JUCAI ATMOSPHERE PROPS CO., LTD., HUNAN SUSHAN IMPORT AND EXPORT CO., LTD., HUZHOU QUANBAICUI APPAREL CO., | Civil Action No.: 22-cv-2393 <br><br> **1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** <br><br> **FILED UNDER SEAL** |

LTD., HUZHOU SIYOU APPAREL CO., LTD., JIANGSU XIONGJI IMPORT AND EXPORT CO., LTD., JIANNILAISI (XIAMEN) CROSS-BORDER E-COMMERCE CO., LTD., JINHUA ZHIBO GARMENT CO., LTD., JINJIANG KUNYANG TRADING CO., LTD., QUANZHOU GUANGHE MINGLIANG TRADING CO., LTD., QUANZHOU HAPPY BROTHERS TRADING CO., LTD., QUANZHOU MUYANG CHILDREN'S MATERNAL AND INFANT PRODUCTS CO., LTD., QUANZHOU WANTWELL INFORMATION & TECHNOLOGY CO., LTD., QUANZHOU ZHENJIA CRAFTS CO., LTD., RONGCHENG BAIBAI BEAR TOYS CO., LTD., SHANGHAI JIURUO DISPLAY EQUIPMENT CO., LTD., SHANGHAI QIANJIU TRADING CO., LTD., SHANGRAO HAOQIANG GARMENT CO., LTD., SHANTOU YUXIN SCIENCE AND EDUCATIONAL TOYS CO., LTD., SHENZHEN MINA TECHNOLOGY CO., LTD., SHENZHEN OXOFUN TECHNOLOGY LIMITED, SHENZHEN XINYUETANG TOYS GIFT CO., LTD., SHISHI CITY CHUNGONG KNITWEAR STORE, TONGXIANG YIKUN TEXTILE CO., LTD., XI 'AN HEMEIJIA TECHNOLOGY SERVICE CO., LTD., XIAMEN RAINBOW GIFTS& PACKS CO., LTD., XINXIANG DIXINI E-COMMERCE CO., LTD., XINXIANG HITON TECHNOLOGY CO., LTD., YANGZHOU CAISHENG HANDICRAFT PRODUCT CO., LTD., YANGZHOU XIANGRUI CRAFT GIFT CO., LTD., YIWU BA GE CLOTHING CO., LTD., YIWU BAOSHUN RUBBER PRODUCTS CO., LTD., YIWU BOYI LUCKY GARMENTS FACTORY, YIWU CENTENNIAL FESTIVAL SUPPLIES FIRM, YIWU CHANGYUAN E-COMMERCE FIRM, YIWU CHUNLI IMPORT AND EXPORT CO., LTD., YIWU DUN SHAN TRADING CO., LTD., YIWU FANCY TRADE CO., LTD., YIWU FLY SKY LIGHTING FACTORY, YIWU HUMA TRADING FIRM, YIWU JIECHEN PET PRODUCTS CO., LTD., YIWU JINBIAO TEXTILE CO., LTD., YIWU JOYCE ACCESSORIES MANUFACTORY, YIWU JUGUANG APPAREL CO., LTD., YIWU LANQU TRADING COMPANY LIMITED, YIWU MINZHI CLOTHING FIRM, YIWU NIHAO ELECTRONIC COMMERCE FIRM, YIWU PAIJING E-COMMERCE FIRM, YIWU QIAOMAO GARMENT CO., LTD., YIWU QIUWEI ARTWARE CO., LTD., YIWU YAWOO CLOTHING CO., LTD., YIWU YINWEI

HOUSEHOLD PRODUCTS CO., LTD., YIWU
YOUYI IMPORT AND EXPORT CO., LTD.,
YIWU ZIHAN IMPORT AND EXPORT CO., LTD.
and  ZHENGZHOU  YANCHI  TRADING
COMPANY LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| Plaintiffs | Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure") |
| Defendants | Chaozhou Chaoan Yixi Paper& Plastic Products Co., Ltd., Chong Qing Full Summer International Trade Co., Ltd., Dongguan Golden Bear Toys Co., Ltd., Dongguan Nuosheng Electronic Technology Co., Ltd., Eweiser Electronic Technology (shenzhen) Co., Ltd., Foshan Hengyue Outdoor Products Co., Ltd., Fuzhou Mekhome Tech. Co., Ltd., Fuzhou Xuance Trade Co., Ltd., Guangzhou Happy Island Toys Co., Ltd., Guangzhou Orient Inflatables Company Ltd., Guangzhou Perfect Inflatable Products Co., Ltd., Guangzhou Running Fun Toys Co., Limited, Hangzhou Dongwang Technology Co., Ltd., Hefei Drifting Rabbit E-Commerce Co., Ltd., Huizhou Jucai Atmosphere Props Co., Ltd., Hunan Sushan Import And Export Co., Ltd., Huzhou Quanbaicui Apparel Co., Ltd., Huzhou Siyou Apparel Co., Ltd., Jiangsu Xiongji Import And Export Co., Ltd., Jiannilaisi (Xiamen) Cross-Border E-Commerce Co., Ltd., Jinhua Zhibo Garment Co., Ltd., Jinjiang Kunyang Trading Co., Ltd., Quanzhou Guanghe Mingliang Trading Co., Ltd., Quanzhou Happy Brothers Trading Co., Ltd., Quanzhou Muyang Children's Maternal And Infant Products Co., Ltd., Quanzhou Wantwell Information & Technology Co., Ltd., Quanzhou Zhenjia Crafts Co., Ltd., Rongcheng Baibai Bear Toys Co., Ltd., Shanghai Jiuruo Display Equipment Co., Ltd., Shanghai Qianjiu Trading Co., Ltd., Shangrao Haoqiang Garment Co., Ltd., Shantou Yuxin Science And Educational Toys Co., Ltd., Shenzhen Mina Technology Co., Ltd., SHENZHEN OXOFUN TECHNOLOGY LIMITED, Shenzhen Xinyuetang Toys Gift Co., Ltd., Shishi City Chungong Knitwear Store, Tongxiang Yikun Textile Co., Ltd., Xi 'an Hemeijia Technology Service Co., Ltd., Xiamen Rainbow Gifts& Packs Co., Ltd., Xinxiang Dixini E-Commerce Co., Ltd., Xinxiang Hiton Technology Co., Ltd., Yangzhou Caisheng Handicraft Product Co., Ltd., Yangzhou Xiangrui Craft Gift Co., Ltd., Yiwu Ba Ge Clothing Co., Ltd., Yiwu Baoshun Rubber Products Co., Ltd., Yiwu Boyi Lucky |

1

| | |
|---|---|
| | Garments Factory, Yiwu Centennial Festival Supplies Firm, Yiwu Changyuan E-Commerce Firm, Yiwu Chunli Import And Export Co., Ltd., Yiwu Dun Shan Trading Co., Ltd., Yiwu Fancy Trade Co., Ltd., Yiwu Fly Sky Lighting Factory, Yiwu Huma Trading Firm, Yiwu Jiechen Pet Products Co., Ltd., Yiwu Jinbiao Textile Co., Ltd., Yiwu Joyce Accessories Manufactory, Yiwu Juguang Apparel Co., Ltd., Yiwu Lanqu Trading Company Limited, Yiwu Minzhi Clothing Firm, Yiwu Nihao Electronic Commerce Firm, Yiwu Paijing E-Commerce Firm, Yiwu Qiaomao Garment Co., Ltd., Yiwu Qiuwei Artware Co., Ltd., Yiwu Yawoo Clothing Co., Ltd., Yiwu Yinwei Household Products Co., Ltd., Yiwu Youyi Import And Export Co., Ltd., Yiwu Zihan Import And Export Co., Ltd. and Zhengzhou Yanchi Trading Company Ltd. |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 224 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Miller Dec.** | Declaration of Rob Miller in Support of Plaintiffs' Application |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiffs' Application |
| **CoComelon Content** | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs |
| **CoComelon Applications** | U.S. Trademark Serial Application Nos.: |



| | |
|---|---|
| | 88/945,840 for " " for goods in Class 3; 88/681,276 for " " for goods in Class 25; 88/681,270 for " " for goods in Class 9; 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,280 for " " for goods in Class 28 and 88/681,253 for "COCOMELON" for goods in Class 25 |
| **CoComelon Registrations** | U.S. Trademark Registration Nos.: 6,375,368 for "COCOMELON" for goods in Class 16; 5,918,526 for " " for goods in Classes 9 and 41; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25 and |

|  |  6,563,758 for "  " for goods in Class 25 |
|---|---|
| **CoComelon Marks** | The marks covered by the CoComelon Registrations and CoComelon Applications |
| **CoComelon Works** | U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017; VAu 1-319-613 covering Animal Characters 2017 and VAu 1-374-077 covering CoComelon Logo |
| **CoComelon Products** | A variety of consumer products including toys, apparel, backpacks and other gear |
| **Counterfeit Products** | Products bearing or used in connection with the CoComelon Marks and/or CoComelon Works, and/or products in packaging and/or containing labels and/or hang tags bearing the CoComelon Marks and/or CoComelon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works and/or products that are identical or confusingly or substantially similar to the CoComelon Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |

4

| | |
|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiffs' *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application, Declarations of Rob Miller and Karena K. Ioannou, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiffs are the owners of the intellectual property assets for the popular CoComelon Content – a popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs.

2. In addition to streaming content, Moonbug and Treasure have also developed a variety of consumer products, such as t-shirts, backpacks and other gear, which is sold through the official CoComelon store at https://shop.moonbug.com/collections/cocomelon. ("CoComelon Products").

3. Moonbug and Treasure have gained significant common law trademark and other rights in their CoComelon Products through their use, advertising and promotion, and have also protected their valuable rights by filing for and/or obtaining federal trademark registrations.

4. The CoComelon Products typically retail for between $1.99-74.99.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

5.   While Moonbug and Treasure has gained significant common law trademark and other rights in its CoComelon Products, through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and/or obtaining federal trademark registrations.

6.   For example, Moonbug is the owner of one of the CoComelon Registrations (i.e., U.S. Trademark Registration No. 6,375,368 for "COCOMELON" for goods in Class 16) and Treasure is the owner of the remaining CoComelon Registrations (i.e., U.S. Trademark



Registration Nos. 5,918,526 for "" for goods in Classes 9 and 41; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25 and 6,563,758 for



"" for goods in Class 25).   Treasure also applied for the registrations of the CoComelon Applications (i.e., U.S. Trademark Serial Application Nos.: U.S.



Trademark Serial Application Nos.: 88/945,840 for "" for goods in



Class 3; 88/681,276 for "" for goods in Class 25; 88/681,270 for "

 " for goods in Class 9; 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,280 for "

 " for goods in Class 28 and 88/681,253 for "COCOMELON" for goods in Class 25).

7. The CoComelon Marks are currently in use in commerce in connection with the CoComelon Products.

8. In addition, Treasure is also the owner of registered copyrights in and related to the CoComelon Products.

9. For example, Treasure owns the CoComelon Works (i.e. U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017; VAu 1-319-613 covering Animal Characters 2017 and VAu 1-374-077 covering CoComelon Logo).

10. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Alibaba (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings).

11. Defendants are not, nor have they ever been, authorized distributors or licensees of the CoComelon Products. Neither Plaintiffs, nor any of Plaintiffs' authorized agents, have consented to Defendants' use of the CoComelon Works and/or CoComelon Marks, nor has

8

Plaintiffs consented to Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the CoComelon Works and/or CoComelon Marks.

12. Plaintiffs are likely to prevail on their Lanham Act, copyright and related common law claims at trial.

13. As a result of Defendants' infringements, Plaintiffs, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted:

   a. Defendants have offered for sale and sold substandard Counterfeit Products that infringe the CoComelon Works and/or CoComelon Marks;

   b. Plaintiffs have well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiffs' reputation and goodwill; and that Plaintiffs may suffer loss of sales for its CoComelon Products; and

   c. Plaintiffs have well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the CoComelon Works and/or CoComelon Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiffs' claim with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the CoComelon Works and/or CoComelon Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose

9

of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the CoComelon Works and/or CoComelon Marks and records User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence;

14. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their business, the goodwill and reputation built up in and associated with the CoComelon Works and/or CoComelon Marks and to their reputations if a temporary restraining order is not issued.

15. Public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' interests in and to its CoComelon Works and/or CoComelon Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as CoComelon Products.

16. Plaintiffs have not publicized their request for a temporary restraining order in any way.

17. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

18. If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the CoComelon Works and/or CoComelon Marks. Therefore, good cause exists for granting Plaintiffs' request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiffs to serve the Financial Institutions and Third Party Service Providers with this

Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) of this Order, respectively, before requiring service on Defendants.

19. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiffs the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiffs have good cause to be granted expedited discovery.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** as follows:

### I.     **Temporary Restraining Order**

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the CoComelon Works and/or CoComelon Marks and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the CoComelon Works and/or CoComelon Marks;

2) directly or indirectly infringing in any manner Plaintiffs' CoComelon and CoComelon Works;

3)   using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' CoComelon Marks and CoComelon Works, to identify any goods or service not authorized by Plaintiffs;

4)   using Plaintiffs' CoComelon Marks and/or CoComelon Works and/or any other marks that are confusingly similar to the CoComelon Marks and/or any other artwork that is substantially similar to the CoComelon Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5)   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

6)   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7)   effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution,

12

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8)   knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)   secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2)   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3)   knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(1) through I(B)(2) above and I(C)(1) through I(C)(2) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)   within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without

limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7), I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) above.

## II.    Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 18C of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on April 7, 2022 at 11:00 a.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiffs' counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before March 31, 2022. Plaintiffs shall file any Reply papers on or before April 5, 2022.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III.    Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants'

14

Financial Accounts and shall provide written confirmation of such attachment to Plaintiffs' counsel.

## IV.   Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba pursuant to **Paragraph V(C)**  or may otherwise be determined; or

2) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail

16

to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

## V.    **Order Authorizing Expedited Discovery**

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiffs' counsel a written report under oath providing:

   a.  their true name and physical address;

   b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c.  the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e.  the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

3) Plaintiffs may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the

17

production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiffs' counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

a. account numbers;

18

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that

19

Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the CoComelon Marks and/or CoComelon Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the CoComelon Marks and/or CoComelon Works.

## VI.    Security Bond

A. IT IS FURTHER ORDERED that Plaintiffs shall place security in the amount of five thousand Dollars ($5,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### VII.    <u>Sealing Order</u>

A. IT IS FURTHER ORDERED that Plaintiffs' Complaint and exhibits attached thereto, and Plaintiffs' *ex parte* Application and the Declarations of Rob Miller and Karena K. Ioannou in support thereof and exhibits attached thereto and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

### I.    <u>Sealing Order</u>

A. IT IS FURTHER ORDERED that on or before April 5, 2022 at 5:00p.m., Plaintiffs shall file on ECF a further submission explaining: (1) its efforts to effectuate regular service on Defendants; (2) its efforts to communicate with counsel for Defendants; (3) whether the exercise of personal jurisdiction over Defendants comports with due process; and (4) what volume of Defendants' total sales are constituted by the allegedly infringing products at issue here.

**SO ORDERED.**

SIGNED this 25 day of March 2022, at 10:00 a.m.
New York, New York

Mary Kay Vyskocil

UNITED STATES DISTRICT JUDGE

21